J. S25010/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                  :           PENNSYLVANIA
            v.               :
                                    :
ERIC JOHN LESLIE,               :         No. 709 WDA 2015
                                    :
           Appellant     :

Appeal from the Judgment of Sentence, December 8, 2014,
in the Court of Common Pleas of Elk County
Criminal Division at No. CP-24-CR-0000278-2014

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:     **FILED APRIL 15, 2016**

Eric John Leslie appeals from the December 8, 2014 judgment of sentence of the Court of Common Pleas of Elk County denying his post-trial motion and motion to modify sentence. We remand to the trial court in order to determine whether appellant's waiver of his right to counsel was a knowing, intelligent, and voluntary decision.

The trial court provided the following relevant procedural history:

> By criminal complaint filed June 9, 2014, [appellant] was charged with burglary, 18 Pa.C.S.A. [§] 3502(a)(2), a felony of the first degree; theft by unlawful taking or disposition, 18 Pa.C.S.A. [§] 3921(a), a felony of the second degree; and receiving stolen property, 18 Pa.C.S.A. [§] [3925(a)], a felony of the second degree. All of the charges were filed as a result of an incident on June 2, 2014, at the residence of Lori Dowie at [], Fox Township, Elk County, Pennsylvania.

After his arrest and preliminary arraignment, [appellant] retained Attorney Jeffrey S. DuBois. . . . [Appellant] [] appeared before the Court on December 8, 2014, at which time a negotiated disposition was presented to the Court. As a result, [appellant] entered a guilty plea to burglary and was sentenced to a period of incarceration of not less than 36 months nor more than 72 months at the State Diagnostic and Classification Center at Pittsburgh, with a time-served credit of 76 days. The December 8, 2014 sentencing order was docketed on December 12, 2014, and thereafter [appellant] filed a timely post-sentence motion on December 19, 2014, sounding primarily in claims which asserted that his attorney was ineffective and that a presentence investigation report was mandated.

. . . .

At the time of the February 23, 2015 hearing, the testimony of Attorney Jeffrey DuBois and [appellant's] mother, Debra Jean Leslie, was presented and documentary evidence was introduced. Pre- and post-hearing memorand[a] were also submitted or filed. On April 17, 2015, this Court entered a discussion and its order by which [appellant's] post-sentence motion was denied. On May 1, 2015, [appellant] filed the pending timely notice of appeal and thereafter filed a statement of concise matters complained of on appeal.[1]

Trial court opinion, 9/3/15 at 1-2 (citations omitted).

During the February 23, 2015 hearing on appellant's post-sentence motion, the trial court granted Attorney DuBois's oral motion to withdraw as appellant's counsel. (*See* notes of testimony, 2/23/15 at 32.) Appellant represented himself throughout the duration of the hearing.

---

[1] *See* Pa.R.A.P. 1925(b).

Before we can consider the merits of the six issues appellant raises for our review, we must first consider whether appellant's waiver of his right to counsel was proper. "When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998).

In the case at bar, the record indicates that appellant filed a post-sentence motion ***pro se*** and entered the February 23, 2015 post-sentence motion hearing under the impression that Attorney DuBois had withdrawn from the case. (Notes of testimony, 2/23/15 at 31.) The record, however, does not indicate that the trial court, when it granted Attorney DuBois's motion to withdraw, conducted a colloquy with appellant in order to make a determination on the record that appellant's decision to waive his right to counsel and proceed with his post-sentence motion ***pro se*** was a knowing, intelligent, and voluntary decision pursuant to ***Grazier***. We, therefore, remand to the trial court so that such a determination can be made.

Case remanded. Jurisdiction retained.